IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

KELVIN POWELL　　　　　　　　　＊

　　Plaintiff,　　　　　　　　　　＊

　　　　v.　　　　　　　　　　　　＊　　　1:11-CV-102-ID
　　　　　　　　　　　　　　　　　　　　　　　　(WO)
KEITH REED, *et al.*,　　　　　　＊

　　Defendants.　　　　　　　　　＊

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this 42 U.S.C. § 1983 action on February 11, 2011. When he filed this complaint, Plaintiff was an inmate incarcerated at the Houston County Jail located in Dothan, Alabama. On February 23, 2011 the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address. (*Doc. No. 4*.) The order cautioned Plaintiff that failure to comply with the court's requirement that it be notified of any change in his address would result in a recommendation that this case be dismissed. (*Id*.)

On March 24, 2011 the envelope containing Plaintiff's copy of an order filed March 21, 2011 was returned to the court marked as undeliverable because Plaintiff was no longer at the address he provided to the court when he filed this action. Consequently, an order was entered on March 25, 2011 directing Plaintiff to provide the court with his present address on or before April 6, 2011. (*Doc. No. 13*.) Plaintiff was cautioned that his failure to comply with the court's March 25 order would result in a recommendation that this case be

dismissed. (*Id*.) The envelope containing Plaintiff's copy of this order was returned to the court on April 8, 2011 marked as undeliverable.

It is clear that Plaintiff is no longer incarcerated at the Houston County Jail and that he has not provided this court with his current address. The undersigned, therefore, concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 26, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 12th day of April 2011.

                              /s/ Wallace Capel, Jr.
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE